IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALDRED BLAKE NEAL,

      Plaintiff,

v.                                                    Case No. 11-3155-JTM

DAVID R. MCKUNE, et al.,

      Defendants.

MEMORANDUM AND ORDER

Plaintiff Aldred Blake Neal filed his Complaint in this case on August 29, 2011, asserting constitutional violations by prison officials in 2009 and 2010 for their preparation and service of Neal's meals during the Islamic holy month of Ramadan. *See* Dkt. 1. Neal filed a Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 41) on August 9, 2012, asserting under § 1983 that prison officials must be enjoined from preventing him from participating in group prayer during Ramadan in 2012. The court notes that this conduct is not related to the conduct alleged in Neal's Complaint. Regardless, the court denies Neal's motion because of his failure to exhaust administrative remedies.

Under the Prison Litigation Reform Act (PLRA), a state prisoner bringing a § 1983 claim must affirmatively plead, and bears the burden to prove, that he has exhausted all available administrative remedies. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). In general:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any

<blockquote>jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.</blockquote>

42 U.S.C. § 1997e(a). "[T]he substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court." *Bell v. Ward*, 189 Fed. Appx. 802, 803 (10th Cir. 2006) (quoting *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003)). A prisoner must do more than initiate the administrative grievance process; he must also complete it. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir.2002). The prisoner, however, may be excused from the exhaustion requirement where he can demonstrate that administrative remedies are unavailable or resort to such remedies is futile. *Steele*, 355 F.3d at 1209. A plaintiff seeking to be excused from the exhaustion requirement on these grounds must do more than make unsupported conclusory allegations of misconduct by prison officials. *Id*. at 1209-10.

In this case, Neal has attached an administrative grievance relating to the timing of prayers that he claims to have filed with the prison officials. Although this shows that he has initiated the administrative grievance process, Neal fails to show that he has completed it. *See Jernigan*, 304 F.3d at 1032. Specifically, Neal's Motion does not provide any facts showing that his grievance was denied, let alone that he has appealed such a denial to the Warden or Secretary of Corrections. *See* Kan. Admin. Regs. 44–15–101 (2002) (stating the requirements for inmate grievance procedure). Further, Neal has not provided a basis for this court to find that the proper administrative remedies are unavailable or that it would be futile to resort to such remedies. *Steele*, 355 F.3d at 1209. On the contrary, it appears that the prison officials have already changed the prayer

schedule once during Ramadan in order to allow more time. The court has no reason to believe Neal's administrative grievance will be ignored. Therefore, Neal's claims are barred for failure to exhaust administrative remedies.

IT IS THEREFORE ORDERED this 20th day of March, 2013, that Neal's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 41) is denied.

s/J. Thomas Marten  
J. THOMAS MARTEN, JUDGE